. 340.   HALL *v.* COATS *et al.*

No material error of law was committed, and the theory of the evidence adopted by the jury in finding the verdict is not unwarranted, and is in entire accord with substantial justice.

Attachment, from city court of Dublin—Judge Burch.  November 19, 1906.

Submitted May 13,—Decided June 26, 1907.

*James B. Sanders,* for plaintiff.

*Williams & Blackshear,* for defendants.

HILL, C. J.  The plaintiff in error sued out an attachment against the defendants, returnable to the city court of Dublin, for the purchase-money of two mules.  The declaration alleged, that the defendants bought from Pope & Bales two mules for $353.39, for which they made and delivered to said Pope & Bales their note, and, to secure the payment thereof, executed a mortgage on the mules.  The note and mortgage were dated November 24, 1904, and due September 15, 1905.  The note recited that if not paid at maturity it was to bear interest at 8 per cent. per annum from its date.  The note and mortgage were transferred to the plaintiff by Pope & Bales, October 2, 1905.  In answer to the declaration the defendants admitted the execution of the note and mortgage, and that the same were for the purchase-money of the mules. They further answered, that they had paid on the note $168.16, and that after the note was due, and when it was still in the possession of Pope & Bales, they had tendered to Pope & Bales the full balance due thereon, which Pope & Bales stated was $190, and that Pope & Bales had agreed to surrender to them the note on payment of this balance; that notwithstanding this agreement, Pope & Bales refused to accept the tender of this amount and surrender the note, on the ground that they had transferred it to J. M. Hall, the plaintiff.  They further answered that they then tendered the full amount due on said note to J. M. Hall, "and are here and now ready to pay the said Hall the entire balance due on said note, and here bring the same into court and tender it." All of the facts as to the tender were admitted to be true, but the plaintiff alleged, that no payments had been made on the note by the defendants, and that the full amount, with interest, was due; that the credits placed on the note were made by him, and not by the makers.  The jury found a verdict for the plaintiff for $190, without interest, and he made a motion for a new trial, which was overruled.

It was not denied that Pope & Bales told the defendants that the balance due on the note was $190, and that they agreed to surren-

der the note on payment of this balance; nor was it denied that the defendants did tender this amount to Pope & Bales and to J. M. Hall. The evidence is not clear as to the exact date when the tender was made to Pope & Bales, but there is some evidence from which the jury might have found that such tender was made before the transfer of the note to Hall. If such was the fact, Hall took the note, it being past due, subject to the rights which resulted from the agreement of Pope & Bales to accept $190 in full payment thereof, and the tender to them of this amount. The only objection urged by counsel for the plaintiff to the tender was that it was not in full of the specific debt due on the note. A calculation of the balance due on the note, when the makers asked the holders thereof how much was then due, will show a small sum in excess of $190, including principal and interest, but the holders had the right to accept in full payment the sum of $190; and having agreed to do so, the full obligation of the defendants was met when that amount was tendered. The jury accepted this theory of the case, and we can not say that this verdict is unsupported by the evidence. It seems to be in accordance with substantial justice, and we will let it stand, there having been no error of law committed.

*Judgment affirmed.*